

SEALED

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>(1) CHAD CONNORS,<br>(2) WILLIAM GUILLEMETTE,<br>(3) LISA GUILLEMETTE, and<br>(4) MARGARET GUILLEMETTE,<br><br>Defendants | Criminal No. 18cr10340<br><br>VIOLATIONS:<br><br>21 U.S.C. § 846 --<br>Conspiracy to Distribute Suboxone and Alprazolam<br><br>21 U.S.C. § 853 --<br>Drug Forfeiture Allegation |

## INDICTMENT

THE GRAND JURY charges that:

### General Allegations

At all times relevant to this Indictment:

1. Defendant Chad Connors ("CONNORS") was an inmate at Massachusetts Correctional Institute – Cedar Junction ("MCI – CJ") housed in the Departmental Disciplinary Unit (the "DDU").

2. Defendant William Guillemette ("GUILLEMETTE") was an inmate at MCI – CJ, also housed in the DDU.

3. Defendant Lisa Guillemette ("LISA") was a resident of Fall River, Massachusetts and the wife of GUILLEMETTE.

4. Defendant Margaret Guillemette ("MARGARET") was a resident of Fall River, Massachusetts and the mother of GUILLEMETTE.

5. Christine Ramos ("Ramos") was a nurse assigned to MCI-CJ who worked in the DDU from approximately January 2017 through mid-February 2018. One of the Ramos's duties while assigned to the DDU was dispensing prescription medication to inmates housed within the unit.

6. CONNORS was engaged in a romantic relationship with Ramos while Ramos worked in the DDU.

## Manner and Means of the Conspiracy

7. At CONNORS' request, Ramos agreed to smuggle contraband, including controlled substances, to CONNORS, while CONNORS was incarcerated at MCI-CJ.

8. In order to do this, Ramos opened a Post Office Box ("P.O. Box") through a third party so that she could communicate with CONNORS while keeping their relationship secret. At some point, CONNORS and Ramos decided that a second P.O. Box was necessary and Ramos opened a second P.O. Box through a different third party. CONNORS sent letters and money to Ramos at these P.O. Boxes. A relative of CONNORS also sent money to at least one of the P.O. Boxes.

9. In addition, GUILLEMETTE instructed his wife, LISA, to obtain controlled substances and send them via mail to the P.O. Boxes. GUILLEMETTE also instructed MARGARET directly to obtain controlled substances and send them via mail to the P.O. Boxes. Ramos subsequently obtained these drugs from the P.O. Boxes and smuggled the drugs into the DDU and delivered them to CONNORS.

10. For instance, in February 2018, LISA and MARGARET sent two packages containing Suboxone, a Schedule III controlled substance, and Alprazolam, a Schedule IV controlled substance, to the second P.O. Box. These packages were intercepted by law enforcement before Ramos could smuggle them to CONNORS.

11. After Ramos distributed drugs to CONNORS, CONNORS and GUILLEMETTE distributed the drugs to other inmates at MCI-CJ. Inmates to whom CONNORS and GUILLEMETTE had distributed the drugs sent checks in various amounts to LISA, MARGARET, and a relative of CONNORS.

## COUNT ONE:
## (21 U.S.C. § 846 – Conspiracy to Distribute Suboxone and Alprazolam)

12. The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 11 of this Indictment and further charges that:

13. From in or about February 2017, continuing until on or about February 15, 2018, at South Walpole in the District of Massachusetts, and elsewhere,

> **(1) CHAD CONNORS, (2) WILLIAM GUILLEMETTE,**
> **(3) LISA GUILLEMETTE, and (4) MARGARET GUILLEMETTE,**

defendants herein, did conspire with each other and other persons known and unknown to the Grand Jury, to knowingly and intentionally distribute a mixture and substance containing a detectable amount of buprenophrene (i.e., Suboxone), a Schedule III controlled substance, and a mixture and substance containing a detectable amount of Alprazolam, a Schedule IV controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 846.

# DRUG FORFEITURE ALLEGATION
(Title 21, United States Code, Section 853)

The Grand Jury also alleges that:

1. Upon conviction of the offense alleged in Count One of this Indictment:

   **(1) CHAD CONNORS, (2) WILLIAM GUILLEMETTE,**
   **(3) LISA GUILLEMETTE, and (4) MARGARET GUILLEMETTE,**

   defendants herein, shall forfeit to the United States, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, any such violations.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 21, United States Code, Section 853, as a result of any act or omission of the defendants -

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of forfeitable property.

All pursuant to Title 21, United States Code, Section 853.

A TRUE BILL,

_____
FOREPERSON OF THE GRAND JURY


_____
EUGENIA M. CARRIS
Assistant U.S. Attorney



DISTRICT OF MASSACHUSETTS;                September 25, 2018

Returned into the District Court by the Grand Jurors and filed.

_____   9/25/2018
Deputy Clerk                @ 12:28pm

6