UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | |
| | * | Criminal Action No. 1:18-cr-10340-IT-1 |
| CHAD CONNORS, | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM & ORDER

October 26, 2026

TALWANI, D.J.

Pending before this court are the government's Motion to Correct Clerical Error in the Amended Judgment [Doc. No. 167] ("Government's Motion") and Defendant Chad Connors's Emergency Motion to Correct Clerical Error Pursuant to Fed. R. Crim. P. 36 and Emergency Motion to Quash Federal Detainer [Doc. No. 178] ("Defendant's Motion").

Both motions seek to correct the court's Amended Judgment [Doc. No. 147] to conform to the sentence the court pronounced at the sentencing hearing. See Def.'s Mot. 2, 4 [Doc. No. 178]; Gov't's Mot. 3 [Doc. No. 167].

## I. Background

On June 18, 2019, Defendant pleaded guilty to a one-count Indictment [Doc. No. 1] charging him with Conspiracy to Distribute Suboxone and Alprazolam, in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1). See Elec. Clerk's Notes [Doc. No. 103]. In advance of Defendant's sentencing hearing, a U.S. Probation Officer prepared a Presentence Report ("PSR") which detailed Defendant's criminal history, including, *inter alia*, the following state sentences: a 12-to-15-year sentence issued September 21, 2007, by Plymouth County Superior Court, Docket No. 0683CR0402, for armed robbery ("the Plymouth sentence"), to run concurrently

with a sentence Defendant was then serving, PSR ¶ 58; a 10-year to 10-years-and-a-day sentence issued October 18, 2007, by Middlesex County Superior Court, Docket No. 0681CR1189, for armed robbery and drug trafficking ("the Middlesex sentence"), to run concurrently with a sentence he was then serving, id. ¶ 59; and a life sentence with parole, not less than 15 years, issued May 19, 2016, by Worcester County Superior Court, Docket No. 1485CR1310, for murder ("the Worcester sentence"), id. ¶ 63.

The Worcester sentence appeared multiple times throughout the PSR. Next to "Release Status[,]" the PSR described Defendant as "[s]erving a sentence in state custody on unrelated state charges (see Dkt# 1485CR1310)." Id. at 1. Under the "Criminal History Computation," it reported that "[t]he defendant committed the instant offense while under a criminal justice sentence for Docket No.: 1485CR1310." Id. ¶ 65. And in the "Sentencing Options" section, under the header "Imprisonment," the PSR stated that, under the sentencing guidelines, the sentence pronounced at the hearing would "run consecutively to the sentence the defendant is currently serving (Docket No.: 1485CR1310). If the sentence is not imposed consecutively, then the sentence shall be imposed to begin today (the day of sentencing)." Id. at 33.

At Defendant's September 12, 2019 sentencing hearing, the court began by noting that the presentence report was among the documents the court had received and read. Sentencing Hr'g Tr. 3:13–16 [Doc. No. 174]. The court considered Defendant's multiple objections, see id. at 4–16, rejecting, *inter alia*, Defendant's false account of when he learned that his appeal to the "accessory to murder conviction" had been denied, id. at 16:14 (quoting PSR at 36 (Objection #3)); id. at 16:16–18. On his objection to the Worcester sentence that "[h]e was not an accomplice to murder, although he stands convicted of that," PSR at 37 (Objection #6), counsel conceded that "he certainly has not objected to the finding in the murder case or anything like

that[,]" Sentencing Hr'g Tr. 11:6–7 [Doc. No. 174], and that the court did not need to "rule on that," id. at 11:9–11. The court made no changes to that paragraph. Id. at 11:18–20.

The court ultimately concluded that the guideline range was 77 to 96 months. Id. at 38:23. In discussing the guidelines, see id. at 18, the court explained that "the guidelines provide that because the offense was committed while incarcerated, the sentence should be served consecutively to the undischarged term of imprisonment[,]" id. at 21:8–10 (quoting U.S. Sent'g Guidelines Manual § 5G1.3, sub. A (U.S. Sent'g Comm'n 2018)); see also id. at 22:15-23:1 (U.S. Probation Officer citing PSR ¶ 98); see also id. at 24:5-12 (court explaining that although guidelines are not mandatory, they must be taken into consideration and Defendant's co-conspirator had received a consecutive sentence).

Defense counsel argued in favor of a 42-month sentence, with one year to serve concurrently and 30 months to serve consecutively. Id. at 24:19–22; see also id. at 29:19–20. The government sought a 10-year sentence (based on its guideline calculation), with 74 months to serve concurrently and 46 months to serve consecutively. Id. at 27:20–22. The recommendations thus differed by 16 months as to consecutive time (with the government seeking 46 months consecutive and Defendant seeking 30 months consecutive) but differed by 62 months as to the concurrent time (with the government seeking 74 months and the Defendant seeking 12 months). The court asked Defendant's counsel why the length of the concurrent portion could affect the actual time Defendant would spend imprisoned, id. at 29:11–30:2; Defendant's counsel responded that "Mr. Connors is still contesting that murder case, and . . . if he receives a long concurrent sentence in this case and he has success in that [challenge to his sentence] . . . he's going to remain in jail for the remainder of that concurrent time[,]" id. at 30:3–13.

At the conclusion of the hearing, the court announced "a 48-month sentence," id. at 37:21–22, and specified that "the first 18 months **is concurrent with any state sentence that you are currently serving** and 30 months is consecutive." Id. at 40:2–4 (emphasis added). The court also granted the United States' request for forfeiture. Id. at 39:11–17.

On September 13, 2019, the court entered its original Judgment [Doc. No. 143]. The Judgment [Doc. No. 143] reported Defendant's term of imprisonment as:

> 48 month(s)
>
> 18 months concurrent to state court sentence being presently served and 30 months consecutive to the state court sentence being presently served **(Middlesex County Superior Court Docket No.: 0681CR1189)**.

J. 2 [Doc. No. 143] (emphasis added). The Judgment [Doc. No. 143] did not mention the Worcester sentence (or any sentence besides the Middlesex sentence), id., and the section for forfeiture was left blank. Id. at 7.

On November 5, 2019, the government moved to amend the Judgment [Doc. No. 143] because it did not include the forfeiture order granted by the court. Mot. to Amend J. in Criminal Case 1 [Doc. No. 145]. The court granted this motion, Elec. Order [Doc. No. 148], and issued an Amended Judgment [Doc. No. 147]. The Amended Judgment [Doc. No. 147] added the forfeiture order, Am. J. 7 [Doc. No. 147], but its description of Defendant's sentence simply read "48 months[,]" id. at 2.

## II. Discussion

Based on the PSR and the Sentencing Hearing Transcript [Doc. No. 174], the sentence the court imposed on Connors was a 48-month sentence, with 18 months to run concurrent to any state court sentence(s) he was serving as of September 12, 2019; and 30 months consecutive to any and all state sentences that he was serving as of September 12, 2019.

Accordingly, the court will issue a Second Amended Judgment to correct the term of imprisonment set forth in the Amended Judgment [Doc. No. 147] to reflect the sentence imposed at the sentencing hearing as follows:

48 months.

18 months concurrent and 30 months consecutive to any and all state court sentences being served as of the date of sentencing.

The Government's Motion [Doc. No. 167] is GRANTED in part and DENIED in part,[1] and Defendant's Motion [Doc. No. 178] is DENIED.

IT IS SO ORDERED.

October 26, 2026

/s/ Indira Talwani
United States District Judge

[1] The court denies the Government's Motion [Doc. No. 167] to the extent it asks the "Second Amended Judgment" to "conform[] to the term of imprisonment set forth in the original Judgment." Gov't's Mot. 3 [Doc. No. 167] (emphasis added).